UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DENNIS OBADO,**<br><br>Plaintiff,<br><br>v.<br><br>**IUNIVERSE, INC.,** *et al.*,<br><br>Defendants. | Civil Action No. 22-5393 (ZNQ)(TJB)<br><br><br><br>**MEMORANDUM ORDER** |

**QURAISHI, District Judge**

This matter comes before the Court upon its Order to Show Cause. (ECF No. 42.) On September 2, 2022, *pro se* Plaintiff Dennis Obado ("Plaintiff") filed a Complaint alleging a claim for copyright infringement against iUniverse, Inc., a self-publishing company.[1] (ECF No. 1 at 3.)

The United States Supreme Court confirmed that suits for copyright infringement must be brought "within three years after the claim accrued." *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 372 (2024) (quoting 17 U.S.C. § 507(b)). Plaintiff's claim is premised on iUniverse's purported unauthorized modification and release of a manuscript that Plaintiff had submitted to iUniverse in 2007. (ECF No. 1) iUniverse's alleged unauthorized activity purportedly took place in 2018. (*Id*.) Based on the alleged infringement in 2018 and the Complaint's filing date of September 2, 2022, the Court ordered Plaintiff to show cause why the Complaint in this case should not be dismissed with prejudice as barred by the statute of limitations. (ECF No. 42). Plaintiff filed a series of responses. (ECF Nos. 44–46, 48, 49, and 58.) Given Plaintiff's *pro se* status, the Court accepts these submissions, collectively, as a response to the Order to Show Cause.

---

[1] The Complaint also names the "United States Government" without providing allegations as to how the United States participated in the purported copyright infringement.

Plaintiff first argues that because the defense of statute of limitations is an affirmative one, it was improper for the Court to raise it *sua sponte*. (*See, e.g.,* ECF No 44 at 5.) That position is incorrect. A district court does have the authority to *sua sponte* dismiss a claim on the basis of a relevant statute of limitations when the defense is apparent from the face of the complaint. *McPherson v. U.S.*, 392 F. App'x 938, 943 (3d Cir. 2010) (*sua sponte* dismissal based on statute of limitations is proper when it "is apparent from the face of the complaint"). Accordingly, the Court rejects this argument.

Plaintiff next argues that iUniverse should not have the benefit of the statute of limitations because Plaintiff sought legal advice from iUniverse's corporate counsel, but counsel failed to tell Plaintiff that he needed to file a copyright infringement suit. (*See*, *e.g.*, ECF No. 44 at 11; ECF No. 58 at 2–4.) Plaintiff cites various authority to the effect that a plaintiff's belated claim should not suffer due to attorney malpractice. (ECF No. 58 at 3–4.) However, Plaintiff does not argue— much allege in his Complaint—how iUniverse's corporate counsel owed him any duty to advise him of his legal rights. Plaintiff also fails to explain or plead the basis for his apparent belief that iUniverse's counsel had "a presumed conflict of interest . . . with the FBI." (ECF No. 44 at 11.)

Finally, Plaintiff also argues that he did not learn of the alleged copyright infringement until he had received royalty pay stubs that were suspiciously low "in around 2019." (ECF No. 45 at 16, 20.) Applying the latitude appropriate for a *pro se* party, the Court construes Plaintiff's argument as seeking to invoke the "discovery rule." In this circuit, the federal discovery rule does apply to a claim for copyright infringement. *William A. Graham Co. v. Haughey*, 568 F.3d 425, 437 (3d Cir. 2009). "Under the discovery rule, a cause of action accrues when the plaintiff discovers, or with due diligence should have discovered the injury that forms the basis of the claim." *Id*. at 432 (citations and interior quotation marks omitted).

So that Plaintiff has the opportunity to plead—rather than merely argue—the facts underlying: 1) any duty he believes iUniverse's corporate counsel owed him; and 2) his discovery of the alleged copyright infringement, the Court will dismiss the Complaint without prejudice and grant Plaintiff leave to file an Amended Complaint, limited to the defects identified in this Memorandum Order.[2]  Plaintiff will be given 30 days to do so.

Accordingly, **IT IS** on this **6th** day of **February 2026**,

**ORDERED** that the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that Plaintiff is granted leave to file an Amended Complaint by **March 9, 2026**; if he fails to file by that deadline, or the Amended Complaint fails to address the defects identified herein, this matter may be dismissed with prejudice; it is further

**ORDERED** that Defendants' deadlines to respond to the Complaint shall remain **STAYED**; and it is further

**ORDERED** that the Clerk's Office is instructed to **ADMINISTRATIVELY TERMINATE** this matter pending Plaintiff's anticipated submission of an Amended Complaint.

ZAHID N. QURAISHI<br>
UNITED STATES DISTRICT JUDGE

---

[2] The Amended Complaint will again be subject to screening under 28 U.S.C. § 1915.  Plaintiff is encouraged to further articulate in his next pleading the facts supporting his claim that the United States was a party to the alleged copyright infringement.